JDG:PT
F.#2012R00294

**12 M 875**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

SHAKA STAYMAN,

       Defendant.

- - - - - - - - - - - - - - - - - - X

COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF APPLICATION FOR ARREST
WARRANT

(T. 18, U.S.C., § 1343)

EASTERN DISTRICT OF NEW YORK, SS:

       JOHN MARTINEZ, being duly sworn, deposes and says that he is a Sergeant of the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

       Upon information and belief, there is probable cause to believe that in or about and between May 2012 and June 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SHAKA STAYMAN, having devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly and intentionally transmit and cause to be transmitted writings, signs, signals, pictures and sounds, by means of wire communication in interstate commerce, for the purpose of executing and attempting to execute such a scheme and artifice.

       (Title 18, United States, Code, Section 1343)

The source of your deponent's information and the grounds for his belief are as follows:

1. I have served as a Sergeant in the NYPD for six years, and prior to that served as an NYPD Officer for seven years. My NYPD experience includes investigating and arresting targets who have committed identity theft and similar fraud schemes. During the course of my law enforcement career, I have conducted or participated in surveillance, witness interviews, the execution of search warrants, debriefings of informants and reviews of taped conversations and financial records. The information set forth in this affidavit is based upon my own personal knowledge, as well as a review of documentary evidence, records and audio recordings, and my discussions with other law enforcement agents, including special agents of the Federal Bureau of Investigation ("FBI") and other federal law enforcement agencies.

2. Except as explicitly set forth below, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts of which I have hearsay knowledge. Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not set forth each and every fact learned during the course of this investigation. Instead, I have set forth only those facts that I believe are necessary to establish probable cause for the

arrest warrant sought herein.  In addition, where the contents of documents, or the actions, statements and conversations of others are reported herein, they are reported in sum and substance and in part, except where otherwise indicated.

3.   In this affidavit, I have described portions of certain conversations that were consensually recorded by a financial institution during the normal course of that financial institution's business.  Any transcripts of such recorded conversations are preliminary and in draft form.  As such, the summaries set forth in this affidavit are preliminary in nature.

4.   Since late 2011, I have been investigating a scheme that involves identity theft and wire fraud, among other crimes.  The perpetrators of this scheme have impersonated the holders of accounts at various financial institutions and withdrawn funds from accounts, such as annuities and retirement funds, that belong to various victims.

5.   As part of this investigation, I met in person with the defendant SHAKA STAYMAN on multiple occasions, engaged him in conversation, and became familiar with his voice.

6.   I have listened to recordings of telephone calls to a financial institution ("Financial Institution #1") which took place on or about and between May 21, 2012 and May 22, 2012 and were recorded by Financial Institution #1 in the normal course of its business.  These telephone calls purported to be

4

from a customer of Financial Institution #1 ("Victim #1") who held an annuity at Financial Institution #1. In fact, I recognized the voice of the caller to be that of the defendant SHAKA STAYMAN, who was impersonating the Victim.

7. From these calls, it was evident that STAYMAN had obtained the annuity account number and personal identifying information of Victim #1. Using this information, the defendant SHAKA STAYMAN sent a facsimile (the "Facsimile") to Financial Institution #1, forging Victim #1's signature and directing Financial Institution #1 to transfer $50,000 from Victim #1's annuity account at Financial Institution #1 to an account held in the name of a co-conspirator (the "CC")) at another financial institution ("Financial Institution #2").

8. Bank records show that on or about May 24, 2012, Financial Institution #1 electronically transferred $50,000 by wire from the state of Virginia to the CC's account at Financial Institution #2 in Brooklyn, New York, as directed in the Facsimile.[1] Bank records further show that on or about and between May 25, 2012 and May 31, 2012, the CC withdrew $48,000 in cash from his account at Financial Institution #2 in four separate transactions.

---

[1] The Victim has submitted a sworn affidavit to Financial Institution #1 affirming that he did not authorize this transfer request.

5

9.  I have also listened to recordings of telephone calls that the defendant SHAKA STAYMAN made in or about March and April of 2012 to Financial Institution #1 in which he impersonated a different accountholder at Financial Institution #1 ("Victim #2") and used the account number and personal identifying information of Victim #2 to impersonate Victim #2 and discuss transferring funds out of Victim #2's annuity account. Also in or about March and April of 2012, STAYMAN sent facsimiles to Financial Institution #1, forging Victim #2's signature and directing Financial Institution #1 to transfer $50,000 from Victim #2's annuity account at Financial Institution #1 to an account held in the CC's name at another financial institution ("Financial Institution #3"). After being arrested in or about April 2012 for the fraud relating to Victim #2 pursuant to a complaint filed in this district, see 12 M 382, STAYMAN waived his Miranda rights and made certain statements to law enforcement. STAYMAN admitted that he had illegally obtained information regarding Victim #2's account at Financial Institution #1 and made the telephone calls and sent these facsimiles impersonating Victim #2 as described in this paragraph.

6

WHEREFORE, your deponent respectfully requests that a warrant be issued for the arrest of the defendant SHAKA STAYMAN, so that he may be dealt with according to law.

_____
JOHN MARTINEZ
Sergeant
New York City Police Department

Sworn to before me this
21st day of September, 2012

THE
UNI
EAS